## BEN SCHAEFER BUILDING CO v GRANADA GARDENS, INC

Ohio Appeals, 1st Dist, Hamilton Co

No 4098. Decided June 13, 1932

Eli G. Frankenstein, Cincinnati, for plaintiff in error.

S. Geismar, Cincinnati, for defendant in error.

ROSS, PJ.

This case comes into this court on error from the Court of Common Pleas of Hamilton County, wherein judgment was rendered in favor of the plaintiff in the sum of $875.00.

A motion to dismiss the petition in error was filed, on the ground that the bill of exceptions was not filed in this court.

An examination of the record shows that the bill of exceptions was filed in this court. Even if such were not the case, the motion could not be granted. **Townsend v Harrison, 58 Oh St, 398.**

The motion for judgment and to dismiss the petition in error is overruled.

The petition alleges that the plaintiff in error had improperly and defectively placed a foundation wall under the dividing wall between the premises owned by defendant in error and the premises adjoining; the defendant in error, desiring to make alterations, discovered the defect, and that the plaintiff in error agreed to pay defendant in error the cost of replacing this foundation wall; that the cost of so doing was $997.77, for which with other incidental damages he claims judgment.

It is claimed that the record wholly fails to show the cost of making the repairs and that there was no consideration for the promise of plaintiff in error to pay the cost of replacing the defective wall which it had installed for the neighbor of defendant in error.

The evidence is clear that the defendant in error would have had a right of action against its neighbor for having weakened the foundation under the partition wall between the premises, and that plaintiff in error must have consequently responded to the neighbor of defendant in error. The automatic release of plaintiff in error from such liability by having the defective work replaced in any event was sufficient consideration for the promise which the evidence shows was made by an officer of the plaintiff in error on its behalf.

On the question of damages, the petition alleges:

"Thereupon it was agreed by and between the plaintiff and the defendant that the plaintiff was to have said defective work done by the defendant for the Chubb-Steinberg Company replaced and remade in a proper and workmanlike manner, and in full compliance with the law of Ohio, and of the City of Cincinnati, **and the defendant agreed that it would pay to the plaintiff the cost of said work,** which had to be done at once in order not to interfere too seriously with the operation by the plaintiff of its said restaurant, which had to be closed during the time of said alteration and reconstruction."

The answer is a general denial.

Complaint is made in this connection that proof was introduced as to the reasonable value of the work instead of the cost of the work, and that the court committed error in stating the measure of damages as the reasonable value instead of the "cost of said work," which was the language of the contract.

There was direct evidence introduced in this case as to what was the reasonable cost of replacing the wall and also evidence that such was the cost to the defendant in error of replacing the wall. While the court charged that the "reasonable cost" was the measure of damages, instead of the "cost," and this was improper in view of the language of the petition, alleging the contract to be—to pay the cost—not the reasonable cost—we find no prejudice to the plaintiff in error in such charge, in that there is no evidence that the actual cost was less than the reasonable value or cost of the services and material, but on the contrary, the evidence shows that the reasonable cost and cost to defendant in error were identical.

The judgment will, therefore, be affirmed.

HAMILTON and CUSHING, JJ, concur.